UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| MARILYN BARLOW, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) 4:14-cv-0083-SEB-DML |
| | ) |
| CITY OF MITCHELL, et al., | ) |
| | ) |
| Defendants. | ) |

**Entry Dismissing Complaint, Denying Emergency Motion to Stay Proceedings, and Directing Further Proceedings**

The Court has before it the complaint and the emergency motion to stay proceedings filed by plaintiff Marilyn Barlow on July 31, 2014.

**I.**

Ms. Barlow shall have **through August 25, 2014,** in which to either pay the $400.00 filing fee or demonstrate her inability to do so.

**II.**

Ms. Barlow alleges that the City of Mitchell and Danny Baker (whose title and affiliation with the City, if any, is not stated) have violated her rights under RICO and the Due Process Clause of the United States Constitution. She alleges that the City of Mitchell illegally plans to demolish her home and the property inside it. She further alleges that she was "not part of due process prior to [a] meeting where Danny Baker fraudulently presented facts and/or distorted facts for personal gain." In addition, she alleges that the "City of Mitchell has made fraudulent claims in part to harass and discriminate against Marilyn Barlow."

Rule 8 of the *Federal Rules of Civil Procedure* requires a complaint to contain "a short and plain statement" showing that the plaintiff is entitled to relief. To state a claim under Rule 8, the plaintiff cannot merely plead bare legal conclusions. The plaintiff must allege factual grounds that entitle her to relief. That is, the plaintiff must state a "plausible claim for relief." *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009). A claim is plausible if the alleged facts permit a court to reasonably infer that the defendant is liable under the plaintiff's theory, beyond some speculative level. *See In re marchFIRST Inc.,* 589 F.3d 901, 905 (7th Cir. 2009).

The complaint contains only bare legal conclusions and lacks sufficient facts to state a plausible claim for relief. Therefore, the complaint is **dismissed for failure to state a claim upon which relief can be granted.**

### III. Further Proceedings

The dismissal of the complaint will not lead to the dismissal of the action at this time. Ms. Barlow shall have **through August 25, 2014,** in which **to file an amended complaint** that states a viable claim for relief in light of the deficiencies noted in Part II of this Entry, if she chooses to do so.

In filing an amended complaint, the plaintiff shall conform to the following guidelines: (a) the amended complaint shall comply with the requirement of Rule 8(a)(2) of the *Federal Rules of Civil Procedure* that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . . ;" (b) the amended complaint shall comply with the requirement of Rule 10 that the allegations in a complaint be made in numbered paragraphs, each of which should recite, as far as practicable, only a single set of circumstances; (c) the amended complaint must identify what legal injury she claims to have suffered and which individuals are responsible for each such legal injury; and (d) the amended complaint shall

contain a clear statement of the relief that is sought. The amended complaint shall have the words "amended complaint" and the proper case number, 4:14-cv-0083-SEB-DML, on the first page.

If no amended complaint is filed, the action will be dismissed in its entirety for failure to state a claim upon which relief can be granted.

### IV.

The emergency motion to stay proceedings is in essence, a motion for temporary restraining order. This motion [dkt. 2] is **denied** because it has been filed before any defendant has been served with process. Under these circumstances, an injunction may be entered only against a party that has been served and is under the personal jurisdiction of the court. *Lake Shore Asset Mgmt., Ltd. v. Commodity Futures Trading Comm'n*, 511 F.3d 762, 767 (7th Cir. 2007); *see also Audio Enterprises., Inc. v. B & W Loudspeakers*, 957 F.2d 406, 410 (7th Cir. 1992) (vacating preliminary injunction because defendant had not been served); Rule 65 of the *Federal Rules of Civil Procedure.* If this request is renewed, Ms. Barlow must comply with the requirements of Rule 65(a) or 65(b), as applicable, and with Local Rule 65-2.

**IT IS SO ORDERED.**

Date: _____

Distribution:

Marilyn Barlow
P. O. Box 805
Mitchell, IN 47446